## SUPREME COURT.

### CORNING agt. BEACH and others.

A *lessee and tenant* may *redeem,* by paying or tendering to the landlord the rent in arrear and costs in an action to re-enter for non-payment of rent, whether the action be at common law or under the statute, and may have an action in equity for that purpose.

The proceeding must, however, be taken within *six months* after execution executed on the judgment in ejectment.

A *judgment creditor* of the *tenant* may have an action for relief in equity after re-entry for non-payment of rent, and the leasehold interest will be sold for his benefit, provision being made for compensation and indemnity to the landlord.

This proceeding must be taken within *six months* after execution executed on the judgment in ejectment.

*Saratoga Special Term, January,* 1864.

THIS action is in equity to enforce the collection of a judgment held by the plaintiff against the real property formerly owned by Mary Christie, the judgment debtor, and now claimed by the defendant, Mary J. Beach.

The plaintiff, in 1860, recovered a judgment in this court for $1,117.91, against Mary Christie, the payment of which she endeavored to evade. With that purpose, and prior to the recovery of the judgment, she conveyed her farm to Alexander S. Beach and wife. The plaintiff, on the return of execution unsatisfied, commenced an action to set aside the conveyance for fraud, and on the 27th of May, 1863, obtained a decree in the action declaring the conveyance from Mrs. Christie to Beach and wife, fraudulent as to the plaintiff and his judgment. In the meantime Beach and wife conveyed the premises to one Patten, and the latter conveyed to one Gallup; but both purchased during the pendency of the suit to set aside the conveyance to Beach and wife, and after notice of *lis pendens* was duly filed. Mary Christie died before the action to set aside the conveyance was tried, and the executor of her will was brought in upon a supplemental complaint and made a party defendant in the suit, by proper proceedings for

VOL. XXVI. 19

that purpose. The interest of Mary Christie in the premises was a leasehold interest; and her conveyance to Beach and wife, and also the conveyance by them to Patten, and by him to Gallup, were made subject to the original lease from Daniel Campbell, as landlord, and reserved an annual rent of $20, payable on the 25th March in each year. A short time prior to the trial of the action to set aside the deed from Mary Christie, Alexander S. Beach purchased the lease of Campbell, and soon after transferred it to his daughter, the defendant, Mary J. Beach, and the latter commenced an action against her father in ejectment for the non-payment of the rent according to the terms of the lease. He made no defence, nor did Gallup, under whom he pretended to occupy, and judgment was entered in favor of Mary J. Beach for the recovery of the premises, and on the 23d May, 1863, she was put in possession under a writ of possession issued on the judgment. The return of the writ showed that the costs of the suit were paid. The farm was worth about $3,000, or $200 a year.

G. G. Scott, *for plaintiff*.
J. Ellsworth, *for defendant*.

Bockes, Justice. The judgment, declaring the conveyance by Mary Christie to Beach and wife, fraudulent and void as against the plaintiff, and his judgment overreached the title of Patten, inasmuch as he purchased and took title from them *pendente lite*, with notice of *lis pendens* duly filed. And for the same reason the judgment took effect upon Gallup's title also. The plaintiff's judgment against Mary Christie was therefore a valid subsisting lien on the premises when the defendant, Mary J. Beach, commenced her action under the Campbell lease for a re-entry, and continued a lien thereon until she obtained her judgment in such action. By such re-entry the legal title of Mary Christie, on which the plaintiff's judgment was a lien, was

terminated, and Mary J. Beach had the legal title and possession under it. Still, a right to redeem by a proceeding in equity remained to the tenant—in this case to Gallup, who had succeeded to Mary Christie's title. This right to the tenant to redeem after re-entry for the non-payment of rent, after writ of possession executed, is denied by the defendant's counsel, and for the reason that the re-entry was at common law. But it will be found, on an examination of the old authorities, that proceedings to redeem by the tenant, after a common law re-entry and possession thereunder by the landlord, were allowed from the earliest times. (*Story's Eq. Jur. sec.* 1315, 1320, *and cases cited;* 1 *Hare's Ch. R.* 109, 128, 130.)

Prior to the act of 4 George II, chap. 28, the law court in which the suit was pending would interfere, on proper application, at any time before the landlord was put in actual possession under the judgment of re-entry, and would stay the landlord's proceedings on tender or payment into court by the tenant of the rent in arrear and all costs in the action. After that statute such relief could be obtained from the law court only, before trial or judgment. (11 *Metcalf,* 112; *see cases cited by court and counsel;* 7 *East.* 363.) Notwithstanding the remedy could not be had after judgment in the law court, still relief from the forfeiture could be obtained in equity. It was appropriate that the application should then be made in a court of equity, because of the necessity which would generally exist of making equitable conditions and provisions in regard to the landlord's enjoyment and use of the premises after re-entry; and, besides, courts of law had no power at common law to relieve against forfeitures after judgment executed therefor. Under our statute (2 *R. S.* 506, § 33) relief may be obtained from the court in which the action is pending, at any time within six months after possession shall have been taken by the landlord under the re-entry; and a remedy in equity is also given. (§ 36.)

Corning agt. Beach.

At common law the remedy of the tenant in equity continued so long as it remained in his power to offer the landlord complete and ample compensation; and this was deemed sufficient to entitle him to equitable relief. Mere lapse of time was not held to be an absolute bar. But the common law has been for many years controlled and limited in this regard by statute. The statute above cited (4 *George II, c.* 28) fixed the period within which the application should be made to six months after the landlord should be put in possession under the judgment of re-entry. In speaking of this act, Lord MANSFIELD is reported to have said that its "true end and professed intention was to take off from the landlord the inconvenience of his continuing always liable to an uncertainty of possession (from its remaining in the power of the tenant to offer him compensation at any time in order to found an application for relief in equity), and to limit and confine the tenant to six calendar months after execution executed, for his doing this; or else that the landlord should from thenceforth hold the demised premises discharged from the lease." (1 *Burr*, 619.) This act operated, therefore, as a statute of limitations as regards this class of actions, barring them unless brought within the period therein limited.

Our statute (2 *R. S.* 506) is very nearly a transcript from 4 George II. It provides that "the lessee or any person claiming any interest in such lease may, within six months after execution executed on such judgment in ejectment, file his bill for relief in a court of equity, but not after that time; and if relieved in such court he shall hold and enjoy the demised premises, without any new lease thereof, according to the terms of the original demise." (§ 36.) This certainly does not take away any common law right, although it may limit the period within which the action might be brought, as did the English statute above cited. I am satisfied that the right to be relieved from the forfeiture, or right of redemption, as it is

usually called, still remains to the tenant or lessee, and to every one claiming under him, after a re-entry at common law, even without the aid of our statute, which, however, as I think, also confers the right in all cases of re-entry for the non-payment of rent. But action for that purpose must now be taken within six months after possession shall have been given the landlord under the writ of possession.

In this case the plaintiff is not the lessee or tenant. He has no right to redeem as such. His is an equitable right to enforce his judgment against the interest of the former tenant in the premises—a pure equity, which cannot be enforced or made available by any proceeding at law. He cannot sell the right of the former tenant under execution on his judgment; for such right, after re-entry by the landlord, is but an equity. It is no longer a legal title, but a right to redeem, which may be exercised at any time within six months after the landlord was put in possession. And if the plaintiff could proceed at law, and sell under execution on his judgment, he could not obtain his title, under which to claim a redemption, short of fifteen months, and in the meantime his right of redemption would have passed. He therefore has no way by which he can secure his right or make it available except by an action in equity.

But has he any right as a judgment creditor of the tenant? It is but just that he should have—nor is it fair or equitable that he should be deprived of his property—in this case a judgment lien on real estate—through the negligence of the tenant, or, may be, through the collusive action of the landlord and tenant, with a view to destroy his claim. I think he is entitled to protection on general principles of equity and right. He has not done or suffered any act to the prejudice of his claim by virtue of his judgment lien; and he asks for nothing, except to be placed in a position where he may secure his demand by being permitted to take the place of the tenant and fullfil the obligations of the latter to the landlord. Of this the landlord

cannot in justice complain ; and I think it is a case, in this view, for the interposition of a court of equity.

But, as I believe, the statute expressly confers the power on the court to extend to the plaintiff the relief demanded. It expressly preserves the right of the mortgagee of a leasehold interest against a re-entry, by declaring that he may, within six months after judgment and execution executed, pay all rent in arrear and all costs and charges, &c.; in which case he shall not be affected by the recovery. (§ 35.) The statute also declares that any person claiming any interest in such lease may, within six months after execution executed on such judgment in ejectment, file his bill for relief in a court of equity, but not after that time; and, if relieved in such court, he shall hold and enjoy the demised premises, without any new lease thereof, according to the terms of the original demise. (§ 36.) As I have before intimated, I think this right existed at common law in case of a common law re-entry. I can see no reason for restricting the operation of this provision to cases of ejectment for non-payment of rent under the statute. The statute provides that in case the rent and arrears and full costs shall remain unpaid for six months after the execution issued upon "*any judgment in ejectment*" shall have been executed, the lessee and his assigns, &c. shall be barred and foreclosed from all relief, &c., and the landlord shall from thenceforth hold the demised premises free and discharged from such lease and demise. In the next section but one it is provided that any person claiming any interest in such lease may, within six months after execution executed on *such* judgment in ejectment, file his bill for relief, &c. What judgment ? On looking back, it will be found to refer to *any judgment in ejectment* mentioned in the previous section. Nor is there any reason why the right to file a bill for relief should not exist in all cases of judgments of re-entry for non-payment of rent. It can make no difference, as regards the equities of the parties,

whether the proceeding in ejectment is at common law or under the statute; and I have no doubt that the provisions to which I have referred extend to all cases of judgments in ejectment for the non-payment of rent. So, in my judgment, the plaintiff is entitled to the relief demanded, both at common law and under the statute.

The next question is, how can the plaintiff's equitable right be worked out so as to make it available to him? It has been seen that his only remedy is in equity—that he has no right which can be enforced by proceedings at law. His remedy at law is exhausted. He cannot obtain relief by proceeding to sell in the ordinary way on execution issued or to be issued on his judgment. Equity will therefore lay hold of the case, and will work out the just result by an application of its own rules and means.

And first, what are the rights of the defendant Mary J. Beach, who has the position of landlord? She must have her rents, and also the costs and expenses of the suit for re-entry. As regards the costs, it seems that they have already been paid her. This appears from the return of the execution satisfied. It also appears that the value of the use and occupation of the premises by her, since she was put in possession, more than equals the rent in arrear. The rents and costs of re-entry are therefore satisfied to her. Now the plaintiff's rights come in to be answered. If the defendants, or any of them, will satisfy the plaintiff's judgment, they should be allowed to deal with the premises as they choose. If the tenant is willing to forego his right of redemption, very well. But the plaintiff must have the benefits of a sale of the leasehold interest, in case the defendants are unwilling to pay off and discharge his lien, which must still be deemed good in equity, notwithstanding the re-entry, as a basis for equitable relief. The premises must therefore be sold by the sheriff, on the usual notice of sale, unless the plaintiff's judgment be satisfied prior to the day of sale. The purchaser, in case of sale,

will, however, hold the premises subject to the lease and according to the terms of the original demise.   This will preserve to the parties their just rights.

It is said that the purchaser should not be let into possession short of fifteen months from the day of sale.   But the premises should be made available to the plaintiff to their utmost value.   Nor is there any reason for giving to the landlord fifteen months' use and occupation.   The tenant has not availed himself of his right of redemption, and his rights of property are barred and foreclosed.   The only parties now interested are the plaintiff and the party in occupation as landlord.   The former has established his claim and right, which can be secured and enforced only by a sale of the premises under the decree of this court. Relief must be granted in the usual way of enforcing liens in chancery, by a sale, by the proper officer, on the usual notice, and the purchaser should be put in possession according to the practice of the court in cases of enforcing liens therein.   The decree can be elaborated to meet the views here expressed.

The plaintiff is entitled to the costs of this action.   The defendants resisted to the utmost the plaintiff's claim— compelled him to litigate—and they have failed totally on all the substantial portions of the defence.   Besides, while I hold the re-entry regular, it is very plain that it was pursued with a view to deprive the plaintiff of all remedy on his demand.   It is said that the plaintiff should have tendered the rent in arrear.   Perhaps this suggestion would have been of some weight had the defendants not put their defence on other grounds.

They denied to the plaintiff any claim for relief.   On this point it is enough to say, that all the material points of the defence are found to be unsubstantial.

Some other questions were discussed on the trial of the cause, which, in the view I have taken of the case, become immaterial.